John R. Tenney, J.
Petitioner seeks a stay of an order revoking his license pending a hearing to determine the reasons why his auto insurance was permitted to terminate. Respondent con *257 tends (1) petitioner is too late because the order was issued on September 11, 1970, and more than four months have elapsed, (2) a hearing is not required since the revocation is mandatory, and no hearing is authorized or required.
Petitioner was ordered to surrender his plates on April 26, 1971, and brings this proceeding within four months. For the purpose of this proceeding, the court will accept jurisdiction.
Subdivision 13 of section 318 of the Vehicle and Traffic Law provides in part that a revocation order shall be terminated if the person involved was unaware that the financial security was not in effect or if it was not in effect because of the ‘ ‘ negligence or malfeasance of a person other than such person ”. However, it then states: ‘ ‘ The provisions of this subdivision shall not apply to any revocation order issued pursuant to subdivision one of this section.”
Petitioner contends that the malfeasance or negligence was on the part of his agent or insurance company. It would seem that this is the most likely circumstance which would lead to an erroneous cancellation. Yet a strict construction of the two subdivisions would lead to an inevitable conclusion. Should a clerk in an insurance office through error or inadvertence send a notice of termination to the commissioner, revocation would follow, and there would be no relief for the owner.
However, the Legislature considered this possibility and rejected it as grounds for relief. “ The great volume of such revocations which would have to be reviewed coupled with the fact that such pe'nalty affects only the registration for a specific vehicle and not the licensing privileges of the motorist would make such a provision too cumbersome and expensive in relation to the minimal inconvenience which is caused by such revocation action.” (New York State Legislative Annual, 1970, p. 379.)
Therefore, petitioner’s application is denied, and he shall surrender his plates pursuant to the order of the Commissioner. The Commissioner is directed to return the plates after 30 days upon satisfactory proof of financial security. (Vehicle and Traffic Law, § 318, subd. 1, par. [b].)
If there is to be any different conclusion, it is the responsibility of the Legislature, not the courts. The court rejects petitioner’s argument that such action by the Commissioner is a violation of the Fourteenth Amendment of the United States Constitution. (Bell v. Burson, 402 U. S. 535.)